Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA 90036
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT,
## EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| RICHARD KNAEBLE, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | |
| Defendant. | |

## COMPLAINT

RICHARD KNAEBLE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the Phoenix, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

COMPLAINT

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

**FACTUAL ALLEGATIONS**

11. Defendant first contacted Plaintiff in an attempt to collect an alleged debt on September 23, 2008.

12. Defendant contacted third parties regarding Plaintiff's alleged debt.

13. Defendant discussed Plaintiff's alleged debt with third parties.

14. Defendant threatened Plaintiff with litigation in the collection of an alleged debt. To date, Defendant has yet to file a lawsuit.

15. Defendant used profanity in an attempt to collect an alleged debt. Defendant stated "why didn't you fucking call us back."

16. Defendant indicated that Plaintiff had committed a crime in the collection of an alleged debt.

17. Defendant constantly and continuously places collection calls to Plaintiff demanding payment for an alleged debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves and failed to state they are confirming or correcting location information (see email from Plaintiff's father attached hereto as Exhibit "A").

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with

       the intent to annoy, abuse, and harass Plaintiff. (see voicemails from Defendant attached hereto as Exhibit "B").

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

   e. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

   f. Defendant violated *§1692e(4)* of the FDCPA by indicating that the nonpayment of an alleged debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.

   g. Defendant violated *§1692e(7)* of the FDCPA by stating that the consumer committed a crime in order to disgrace the Plaintiff.

   h. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "C").

WHEREFORE, Plaintiff, , respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RICHARD KNAEBLE, demands a jury trial in this cause of action.

                                      RESPECTFULLY SUBMITTED,

DATED:  November 11, 2008        KROHN & MOSS, LTD.

                            By:       /s/ Ryan Lee
                                        Ryan Lee
                                        Attorney for Plaintiff

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, RICHARD KNAEBLE, states as follows:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RICHARD KNAEBLE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 10-29-08                              *R. S. Knaeble* (signature)
                                            RICHARD KNAEBLE

# **EXHIBIT A**

**From:** richard knaeble <sixbear77@yahoo.com>
**To:** Richard Knaeble <rjk@mmker.com>
**Date:** 10/7/2008 2:44:29 PM
**Subject:** Unpaid debt with Master Card

RJ

Bill collectors from NCO Financial are calling me about an unpaid debt of yours with Master Card. The account has been turned over to collection and they are ready to serve a complaint. The amount owed is $1,050.68. Call Will Maggy now at 800/727-8444, ex. 5099 and get this debt paid in full.

You must protect your credit.

DAD

- 8 -

1
2
3  **EXHIBIT B**
4  **Plaintiff is in possession of voicemails from Defendant and will provide upon**
5  **request.**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT C**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — (YES) NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO
11. Thoughts of death, suicide or suicide attempts — (YES) NO
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — YES (NO)
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Extreme anxiety from dealing with NCO Financial. I have felt like the calls will never stop & that since I had no credit card to secure payment, I felt forced to ask my sisters & my mother for help. After I told them that I would pay, we had a "verbal" agreement until he found out that I have no checking acct. or debit card & he would call 4-5 times/day to see if I found someone willing to put down their credit card #, then they raised the amount by $346.72 because I couldn't get anyone to give them my credit card #. Frustrated!!!

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-28-2008

R.J. Knaeble
Signed Name

Richard J. Knaeble
Printed Name